IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

DWAYNE LAWRENCE CLARK,
    Movant,

-vs-

UNITED STATES OF AMERICA,
    Respondent.

Case No. A-17-CA-104-SS
[No. A-10-CR-582-SS]

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Movant Dwayne Lawrence Clark (Clark)'s Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [#28] and the Government's Motion to Dismiss Clark's Request for 28 U.S.C. § 2255 Relief [#33]. Having reviewed the file, the documents, and the governing law, the Court now enters the following.

### Background

On September 21, 2010, Clark was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Indictment [#1]. Clark pled guilty on November 22, 2010.

In pleading guilty, Clark confirmed he had eight prior felony convictions for a variety of offenses including two separate convictions for possession of a controlled substance. Factual Basis [#19] at 2. Clark's Presentencing Report (PSR) reflected that Clark had twenty-nine prior convictions.

In light of Clark's extensive criminal history, the PSR recommended a sentence at or near the top of the advisory guideline. Because Clark had two prior Texas felony drug convictions that qualified as "controlled substance offenses" under the United States Sentencing Guidelines (USSG) § 4B1.2,



a base offense level of 24 applied. *See* U.S.S.G. 2K2.1(a)(2). Additionally, because the firearm Clark had possessed was stolen, the base level offense was enhanced by 2. *See id.* at (b)(4)(A). However, the PSR applied a three-level reduction under § 3B1.1 for acceptance of responsibility, which resulted in an offense level of 23. *See* U.S.S.G § 3B1.1. The PSR then calculated a sentencing range of 92 to 115 months.

Pursuant to a Federal Rule of Criminal 11(c)(1)(C) plea agreement, Clark and the Government agreed on a 108-month sentence followed by three years of supervised release and a mandatory $100 special assessment. Subsequently, the Court sentenced Clark to 108 months of imprisonment followed by a three-year term of supervised release. J. & Commitment [#24]. Clark was not subjected to an enhanced, fifteen-year minimum sentence under the Armed Career Criminal Act (ACCA). *See id.* Clark did not file a direct appeal.

In April 2016, this Court appointed the Federal Public Defender to represent Clark in potentially raising a claim under *Johnson v. United States*, 135 S. Ct. 2551 (2015). Order of Apr. 14, 2017 [#26]. Following notice from the Federal Public Defender that Clark was not eligible for relief under *Johnson*, the Court exempted Clark from further consideration of relief. Order of June 10, 2016 [#27].

On February 7, 2017, Clark placed his Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 in the prison mail system. Mot. Vacate [#28] at 13. The Government filed a motion to dismiss on March 23, 2017. Mot. Dismiss [#33]. Clark did not respond. The motions are now ripe for the Court's consideration.

## Analysis

### I. Legal Standard

Generally, there are four grounds upon which a defendant may move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255: (1) the imposition of a sentence in violation of the Constitution or the laws of the United States; (2) a lack of jurisdiction of the District Court that imposed the sentence; (3) the imposition of a sentence in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Section 2255 is an extraordinary measure; it cannot be used for errors that are not constitutional or jurisdictional if those errors could have been raised on direct appeal. *United States v. Stumpf*, 900 F.2d 842, 845 (5th Cir. 1990). If the error is not of constitutional or jurisdictional magnitude, the movant must show the error could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice." *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994). In addition, a defendant who raises a constitutional or jurisdictional issue for the first time on collateral review must show both "cause" for his procedural default, and "actual prejudice" resulting from the error. *Placente*, 81 F.3d at 558.

### II. Application

In his § 2255 motion, Clark asks this Court correct his sentence, arguing he is eligible for relief under *Johnson*. Mot. Vacate [#28] at 14–17. In particular, Clark claims *Johnson* retroactively affects sentences imposed under the USSG. *Id.* The Government disagrees, claiming Clark's sentence was properly calculated. Mot. Dismiss [#33] at 2. The Court agrees with the Government and grants the Government's motion to dismiss.

On March 6, 2017, the United States Supreme Court rendered its decision in *Beckles*, holding "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause." *Beckles v. United States*, 137 S. Ct. 886, 890 (2017). Clark was not sentenced under the ACCA but was sentenced pursuant to the USSG. Therefore, Clark is not entitled to relief under *Johnson*, and his § 2255 motion is dismissed.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing § 2255 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The United States Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of Clark's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, a certificate of appealability shall not issue.

## Conclusion

Accordingly,

IT IS ORDERED that the Government's Motion to Dismiss Clark's Request for 28 U.S.C. § 2255 Relief [#33] is GRANTED;

IT IS FURTHER ORDERED that Movant Dwayne Lawrence Clark (Clark)'s Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [#28] is DISMISSED WITHOUT PREJUDICE;

IT IS FINALLY ORDERED that a certificate of appealability is DENIED.

SIGNED this the 2̲6̲t̲h̲ day of April 2017.

SAM SPARKS
UNITED STATES DISTRICT JUDGE